**SPECTOR v. LANDON, District Director, Los Angeles District, Immigration & Naturalization Service.**

No. 12961.

United States District Court
S. D. California, Central Division.

Nov. 1, 1951.

Margolis & McTernan, Los Angeles, Cal., for Spector.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division, Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for the Government.

WESTOVER, District Judge.

Plaintiff, Frank Spector, is a native of Odessa, Russia. He came to the United States of America in 1913. For the past thirty-eight years he has lived in the United States, most of the time in California. He married a fellow immigrant, and there is one child as issue of the marriage, a daughter, who herself is the wife of an American citizen.

In 1928 the Secretary of Labor initiated deportation proceedings which culminated on August 23, 1930 in the issuance of a warrant for deportation of Frank Spector "to Russia, via Shanghai, China." The de-

portation order against plaintiff was not carried out.

In December, 1950, more than twenty years after plaintiff's deportation was ordered and subsequent to the amendment of Section 23 of the Internal Security Act of 1950, 8 U.S.C.A. § 156, commonly known as the McCarran Act, plaintiff was summoned before one of the government's agents and ordered to comply with the requirements of the McCarran Act. When Frank Spector failed and refused to comply with the requirements of said Act, an indictment was filed in the United States District Court, Southern District of California, against him, alleging violations of the provisions of Section 23 of the Internal Security Act.

The matter came before the Honorable William C. Mathes, a Judge of this court. Defendant thereafter moved to dismiss the indictment. On September 12, 1951, the Honorable William C. Mathes filed a memorandum of decision, granting the motion to dismiss as to the second and fourth counts of the indictment and denying the motion as to the first and third counts.

On March 22, 1951, and prior to the hearing before Judge Mathes, plaintiff filed a complaint in this court for declaratory judgment and injunction, asking this court to declare the warrant of deportation dated August 13, 1930 functus officio and without force or effect, and that the court stay all future proceedings by defendant against the plaintiff herein. In this action plaintiff raises several issues, the first of which is that the warrant of deportation is functus officio. This issue was raised in the criminal proceeding before Judge Mathes, and Judge Mathes held against plaintiff herein. Plaintiff contends the lapse of time renders the warrant functus officio; but there is no case holding a warrant of deportation void or invalid for lapse of time in its execution.

■ In another and separate proceeding in this court by another petitioner, the same issue was raised, and counsel agreed that the warrant of deportation did not lapse solely because of the passing of time. Not only must there be a long lapse of time between the issuance of the warrant and its execution, but other facts must also be found to justify the court in holding such a warrant to be functus officio. This Court has given to the plaintiff every opportunity to present an authority to the effect that a warrant of deportation is void or invalid solely because of lapse of time in its execution. Plaintiff has not cited any case to support such a contention.

■ Plaintiff next contends that the government is guilty of laches because more than twenty years elapsed between the issuance of the warrant and its execution. Plaintiff points out in his brief filed herein that among the elements of laches, in addition to unreasonable delay in enforcement not excused by circumstances beyond the parties' control, is *injury to the opposing party*.

Although plaintiff herein urges to the Court that he has been greatly injured because the government did not enforce the deportation order within the twenty-year period, the Court feels that instead of an injury suffered, plaintiff has in fact been benefited. In a period of world history when Russia has been engaged in wars and revolution, the United States of America has been and is now a most desirable place in which to live. For more than twenty years since the deportation order, plaintiff in this action has had the opportunity of living in the United States and, if he had so desired, could have by his conduct convinced the government that he was desirable as a citizen. Instead of making, over the years, a good or satisfactory reputation, this plaintiff by his conduct has made himself undesirable as a citizen or resident of the United States of America.

In the hearings before the Senate Committee concerning the McCarran Bill, it was pointed out that as of April 15, 1949, there were some 3,278 warrants of deportation which had been issued over a period of years and which were not enforceable. The situation had become so serious that the Committee felt enactment of legislation such as the McCarran Act a necessity from the standpoint of national security. In the Committee report appears the following: "First is the case of Frank E. Spector, born in Odessa, Russia, and now living in Los Angeles, Calif. He served a

jail sentence in California in 1930 and was ordered deported by the Attorney General that same year, being a person who advocates and teaches the overthrow by force or violence of the Government of the United States. Spector showed up in Los Angeles about 1921. Since then he has had a record of continuous activities and leadership in the Communist Party. Last year he defied the authority of the California State Senate and was threatened with contempt. He was told that contempt might be ground for deportation from the United States. In reply Spector retorted, 'You are too late, Mr. Tenny, my order of deportation has been issued 21 years ago and I am still here.' * * *"

Plaintiff has no one but himself to censure because of his conduct and associations in this country; and if he desired to and did associate and affiliate himself with Communists or any subversive group, to his detriment, he now has no right to complain because the government wishes to deport him to his native country. There is no force in the argument that plaintiff Spector has been injured by being permitted to remain in this country subsequent to the order of deportation. The Court is of the opinion that instead of injury plaintiff has reaped benefit; consequently the plaintiff's claim of laches must fall as does his. claim of functus officio.

Plaintiff contends that the Act, as amended, is inapplicable in his case. The Act itself refutes such claim. The Act, after setting forth the duties required of the alien, specifically provides: " * * * this subsection shall not make it illegal for any alien to take any proper steps for the purpose of securing cancellation of or exemption from such order of deportation, or for the purpose of securing his release from incarceration or custody".

Congress, in passing the Act, desired to protect the rights of desirable aliens. Congress did not wipe out the thousands of deportation orders already made by the government but did provide that any alien faced with such an order of deportation could take any proper steps he desired to secure a cancellation of the order or exemption therefrom.

From the foregoing, we are of the opinion that plaintiff herein is subject to the provisions of the McCarran Act; that the order of deportation entered against plaintiff has not become void or ineffectual because of lapse of time; that the government has not been guilty of laches, and that the Act is applicable.

Plaintiff further contends that the order of deportation is invalid for failure to comply with the terms of the applicable statute, inasmuch as the order provided that plaintiff was to be deported to Russia "via Shanghai, China." We find no merit to plaintiff's contention.

The constitutional consideration of cruel and unusual punishment, ex post facto law, and due process have been adequately determined by Judge Mathes.

In this case the government filed a motion for summary judgment. As all of the facts have been developed by affidavits and in preliminary hearings, we are of the opinion that the motion of the government should be granted. Such is the order.